UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------------------X
AVERTON BULK SP Z.O.O.,                       :
                                              :       Case No. 21-1157
          Plaintiff,                          :
     vs.                                      :
                                              :
COFCO INTERNATIONAL FREIGHT S.A.,             :       **VERIFIED COMPLAINT**
                                              :
                                              :
          Defendant.                          :
                                              :
------------------------------------------------------------------------X

COMES NOW, Plaintiff, Averton Bulk SP Z.O.O. (hereinafter "Averton Bulk" or "Plaintiff"), by and through undersigned counsel, hereby files this Verified Complaint against Defendant Cofco International Freight S.A. (hereinafter "Cofco" or "Defendant"), and alleges as follows:

## JURISDICTION AND VENUE

1. Subject matter jurisdiction of this Honorable Court is based upon admiralty and maritime jurisdiction pursuant to 28 U.S.C. §1333 and is brought under the provision of Rule B of the Supplemental Rules for Certain Admiralty and Maritime Claims. This case is also an admiralty and maritime claim within the meaning of Rule 9(h) of the Federal Rules of Civil Procedure for a claim of breach of a maritime contract.

2. Venue is proper in this District Court pursuant to 28 U.S.C. §1391(b) because the property belonging to the Defendant is located in the Southern District of New York.

## THE PARTIES

3. At all times material hereto, Plaintiff Averton Bulk SP Z.O.O., was and still is a foreign company organized under the laws of Poland.

1

4. Upon information and belief, at all times material hereto, Defendant Cofco International Freight S.A. was and still is a foreign company organized under the laws of Switzerland.

## THE FACTS

5. At all times material hereto, Averton Bulk was the disponent owner of the M/V CORAL AMETHYST.

6. On or about July 23, 2020, Averton Bulk and Cofco entered into a charter party agreement wherein Averton Bulk agreed to charter the M/V CORAL AMETHYST (hereinafter "the Vessel") to Cofco for the carriage of cargo consisting of 67,000 MTS 10 PCT moloo bulk wheat to load from "1 sb nikolaev (dssc only) plus topoff 1 sa ochakov or chopt 2 sb constanza 13.80m bw" and discharge at "1 sb batangas 14m sw."  *A copy of the fixture recap and charter party is attached hereto as Exhibit 1*.

7. The charter party agreement for the transport of cargo is a maritime contract.

8. Pursuant to Clause 36, the charter party agreement is governed by English law, and any dispute arising under the agreement shall be referred to arbitration in London.  *Id*.

9. Averton Bulk and Cofco agreed that demurrage would be calculated at the maximum rate of "USD 24,000 pdpr dhd wtsbe" (per day pro rata).  *Id*.

10. Pursuant to the terms of the charter party agreement, cargo shall be loaded at the expense of Cofco "per weather working day of 24 consecutive hours or pro rata permitting." *Id*. In addition, cargo shall be discharged at the expense of Cofco "per weather working day of 24 consecutive hours or pro rata". *Id*.

11. Payment of freight and demurrage was payable within thirty (30) days from receipt of the invoice from Averton Bulk following discharge of the cargo. *Id*.

12. On or about August 27, 2020, the Vessel arrived at Kavkaz Roads, Russia and commenced loading operations at 19:00 LT on August 28, 2020.

13. The Vessel completed loading operations on September 8, 2020 at 08:25 LT and the Vessel's holds were fumigated prior to departure to Batangas, Philippines.

14. The Vessel arrived at the Batangas Anchorage and tendered notice of readiness at the port on October 6, 2020 at 12:50 LT. The time for laytime and demurrage calculations began to run at that time.

15. Upon the Vessel's arrival, the cargo was inspected by Receivers/Charterers and the Batangas Port Inspection Representative. Upon inspection of the cargo holds, it was determined that Cargo Hold No. 1 was infected with insects.

16. As a result of the inspection, the Vessel lost its position to berth and was required to remain on standby to await fumigation of the hold.

17. On November 7, 2020, the Vessel was permitted to come alongside after a fumigation treatment period and aeration of gas fumigation and began discharge operations the same day.

18. The Vessel completed discharge on November 20, 2020 and departed the port that same day.

19. The time allowed for loading and discharging under the charter party agreement was 7.3700 days. The Vessel accrued a total of 29.1250 days to load and discharge the cargo. *A copy of the Time Sheet for the cargo operations is attached hereto as Exhibit 2*.

20. Accordingly, demurrage costs accrued for the time in excess of the agreed upon loading/discharge period of 21.7550 days in the amount of USD 768,566.67.

21. Averton Bulk incurred additional port and operating costs while the Vessel was under detention at the port of Batangas in the amount of USD 136,288.16.

22. Lastly, Averton Bulk suffered additional costs for shifting expenses at the port of Batangas in the amount of USD 37,783.38.

23. On or about November 20, 2020, Averton Bulk submitted an invoice to Cofco for the outstanding amounts due and owing for freight, demurrage, detention, shifting, and fumigation expenses in the amount of USD 994,599.47.  *A copy of the Invoice is attached hereto as Exhibit 3*.

24. Payment for all outstanding amounts was due on or before December 18, 2020. *Id*.

25. Cofco made partial payment for the freight and fumigation expenses in the sum of USD 97,281.50 on January 22, 2021.

26. However, despite numerous requests for payment of the remaining costs and the clear obligation to remit costs for demurrage, detention, and shifting, the remaining costs remain unpaid by Defendant in the amount of USD 897,317.97.

27. Cofco has failed, neglected, and/or refused to submit payment for demurrage, detention, and shifting due and owing under the charter party agreement.

## APPLICATION FOR ATTACHMENT UNDER SUPPLEMENTAL ADMIRALTY RULE B

28. Averton Bulk restates and re-alleges paragraphs 1 – 27 in the above foregoing Verified Complaint.

29. Plaintiff's claim against Defendant for unpaid demurrage, detention, freight, and shifting is a maritime claim.  This is an ancillary proceeding to secure jurisdiction and security over Defendant.

30. Interest, costs, and attorney's fees are routinely awarded to the prevailing party under English Law and the procedural rules of London arbitration. It is standard for interest to be awarded to the prevailing party in the amount of 4.5% to 5.5%, compounded quarterly.

31. Averton Bulk expects to recover the following amounts in arbitration from Defendant:

|   |   |   |
|---|---|---|
| A. | Demurrage, Detention, Shifting: | $897,307.97 |
|    | Estimated Interest for Principal Claim:<br>*2 years at 5.0 %, compounded quarterly* | $89,730.78 |
| C. | Estimated Arbitration Cost[1]: | $85,000.00 |
| D. | Estimated English Solicitor and Counsel Fees: | $127,961.25 |
|    | TOTAL: | $1,200,000 |

32. Averton Bulk's total claim for demurrage, detention, freight, and shifting, plus applicable interest, costs, and fees in the aggregate estimated to be no less than **$1,200,000.00**.

33. Defendant is not present and cannot be found in the District within the meaning of Rule B of the Supplemental Rules for Certain Admiralty and Maritime Law Claims. *See Attorney Declaration of Melissa D. Russo attached hereto as Exhibit 4*.

34. The Defendant does have within the District tangible or intangible personal property, which is subject to attachment, and in the hands of parties who may be named garnishees in the process of maritime attachment and garnishment. Cofco has assets in the form of property

---

[1] The estimates are based on the anticipated costs and fees for this straightforward matter for this indisputable debt. Plaintiff reserves the right to seek additional security if necessary pursuant to, *inter alia*, Supplemental Rule B and Rule E.

in a bank account maintained at J.P. Morgan Chase Bank, N.A. located within this District. *A copy of the Defendant's bank account information[2] is attached hereto as Exhibit 5.*

35. Prior payments by Cofco to Averton Bulk have been remitted by Cofco from its J.P. Morgan Chase Bank, N.A bank account located within the District. *Id*.

36. J.P. Morgan Chase Bank, N.A. is a corporation found within the District with an address of 4 New York Plaza, Floor 15, New York, New York, 10004 and subject to service of process as a garnishee in this matter.[3]

**WHEREFORE PREMISES CONSIDERED**, Plaintiff prays as follows:

A. That process in due form of law, according to the practice of this Honorable Court in matters of admiralty and maritime jurisdiction be issued against Defendant and said Defendant be cited to appear and answer the allegations of this Verified Complaint;

B. That if Defendant cannot be found within this district, then all of their respective tangible or intangible property within this District, including physical property, or any property in which Defendant have an interest, debts, credits, or effects including but not limited to: bank accounts, checks, documents of title, shares of stock or other financial instruments, and any other funds, collateral or property of any kind belonging to, claimed by, or held for the benefit of, the Defendant in the hands or control of persons named as garnishees in the Process of Maritime Attachment and Garnishment, be attached and seized pursuant to Supplemental Admiralty Rule B for Certain Admiralty and Maritime Claims;

C. That if Defendant fails to appear and answer this matter once property has been

---

[2] Consistent with the Federal and Local Rules, the financial institution bank account number information is redacted on the publicly filed cm/ECF exhibit. Should the Court wish to review an unredacted copy for *in camera* review, Plaintiff would be pleased to provide a copy of same.

[3] Due to the ongoing COVID-19 pandemic, branch locations may be temporarily closed, operating with limited hours, or may limit the public access. Accordingly, service of process on garnishee may be attempted at any J.P. Morgan Chase Bank, N.A. branch that is open and will accept service of process.

attached and notice and service of same provided consistent with the Federal Rules of Civil Procedure and the Supplemental Admiralty Rules, that judgment be entered against the Defendant in the sum of $1,200,000 and the proceeds of the assets attached be applied in satisfaction thereof;

      D.      That the Court grant Plaintiff such other and further relief as it deems just, equitable, and proper.

February 9, 2021  
Oyster Bay, New York

Respectfully submitted,

CHALOS & CO, P.C.

By:    /s/ Melissa D. Russo  
George M. Chalos, Esq. (GC - 8693)  
Melissa D. Russo, Esq. (MR - 8150)  
Briton P. Sparkman, Esq. (BS - 5220)  
55 Hamilton Ave.  
Oyster Bay, NY 11771  
Tel: (516) 714-4300  
Fax: (866) 702-4577  
Email: gmc@chaloslaw.com  
          mrusso@chaloslaw.com  
          bsparkman@chaloslaw.com

*Attorneys for Plaintiff*  
*Averton Bulk SP Z.O.O.*