UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------------------X
AVERTON BULK SP Z.O.O.,                                :
                                                                               :          Case No. 21-1157
        Plaintiff,                                             :
   vs.                                                                :          ***EX PARTE* MOTION**
                                                                               :          **FOR AN ORDER**
COFCO INTERNATIONAL FREIGHT S.A.,         :          **AUTHORIZING**
                                                                               :          **ISSUANCE OF PROCESS**
                                                                               :          **OF MARITIME**
        Defendant.                                          :          **ATTACHMENT AND**
                                                                               :          **GARNISHMENT**
------------------------------------------------------------------------X

      COMES NOW Plaintiff, Averton Bulk SP Z.O.O. (hereinafter "Averton Bulk" or "Plaintiff"), by and through undersigned counsel, and respectfully requests this Honorable Court to issue an Order authorizing issuance of Process of Maritime Attachment and Garnishment pursuant to Rule B of the Supplemental Rules for Certain Admiralty and Maritime Claims of the Federal Rules of Civil Procedure (hereinafter "Admiralty Rules"), and respectfully pleads as follows:

## POINTS AND AUTHORITIES

    1.    "Under Rule B of the Supplemental Admiralty Rules, a plaintiff may attach a defendant's property if four (4) conditions are met: (1) Plaintiff has a valid *prima facie* admiralty claim against the defendant; (2) defendant cannot be found within the district; (3) property of the defendant can be found within the district; and (4) there is no statutory or maritime law bar to the attachment." *Aqua Stoli Shipping Ltd. v. Gardner Smith Pty Ltd.*, 460 F.3d 434, 445 (2d Cir. 2006); Fed. R. Civ. P., Supp. Rule B.

    2.    On February 8, 2021, Plaintiff filed a Verified Complaint pursuant to Rule 9(h) of the Federal Rules of Civil Procedure and Rule B of the Supplemental Rules for Certain Admiralty and Maritime Claims setting forth the Plaintiff's claim for damages in the amount of USD

1

1,200,000 (including interests, costs, and attorney's fees). *See* DE 1. The allegations of Plaintiff's Verified Complaint state a *prima facie* admiralty claim under general maritime law, meet the conditions of Rule B, and are incorporated herein by reference. *See* DE 1, ¶¶1-27.

3.  Defendant Cofco International Freight S.A. (hereinafter "Defendant") cannot be found within the Southern District of New York for the purposes of Rule B of the Admiralty Rules. In support of its Verified Complaint Plaintiff has filed the Declaration of Attorney Melissa D. Russo[1], averring that the Defendant cannot be found within the District pursuant to Rule B and the efforts undertaken to find and serve the Defendant, as required by Local Admiralty Rule B.1.

4.  Specifically, Plaintiff is informed and believes: that the Defendant cannot be found within the Southern District of New York; that to Plaintiff's knowledge, none of the managers or officers of Defendant are now within the Southern District of New York; that the Defendant does not maintain offices or telephone listings in the Southern District of New York; that the Defendant is not incorporated or registered to do business in the State of New York; and, that the Defendant does not have a registered agent for the receipt of service of process in the State of New York.

5.  Plaintiff is informed and believes Defendant does now, or will during the pendency of this action, have tangible and intangible property within the Southern District of New York, and said tangible and intangible property is amendable to attachment and garnishment pursuant to Rule B of the Admiralty Rules. *See* DE 1. More specifically, Defendant has tangible and intangible property within the District consisting of debts, credits and effects being property of the Defendant in the hands of garnishee, J.P. Morgan Chase Bank, N.A. *Id*.

6.  Furthermore, there is no statutory or maritime bar to the attachment application.

7.  The instant Rule B maritime attachment action was commenced in order to secure

---

[1] *See* DE 1, Exhibit 4.

the appearance of the Defendant and to obtain security in aid of Plaintiff's arbitration action in London. *Id.*; *see also Aqua Stoli Shipping Ltd. v. Gardner Smith Pty Ltd.*, 460 F.3d 434, 437-438 (2d Cir. N.Y. 2006); *ProShipLine, Inc. v. Aspen Infrastructures, Ltd.*, 585 F.3d 105, 111 (2d Cir. N.Y. 2009); *Milestone Shipping, S.A. v. Estech Trading LLC*, 764 F. Supp. 2d 632, 634-635 (S.D.N.Y. 2011); *Navalmar (U.K.) Ltd. v. Welspun Gujarat Stahl Rohren, Ltd.*, 485 F. Supp. 2d 399, 402 (S.D.N.Y. 2007); *Maersk, Inc. v. Neewra, Inc.*, 443 F. Supp.2d 519, 527 (S.D.N.Y. 2006).

**WHEREFORE**, as all of the elements of Rule B and the Local Admiralty Rules have been met, Plaintiff Averton Bulk SP Z.O.O. respectfully requests that this Court enter an Order authorizing the Issuance of Process of Maritime Attachment and Garnishment directing any and all garnishees to garnish any tangible or intangible personal property in their possession, custody or control belonging to the Defendant, and to grant Plaintiff such other and further relief as may be just, equitable and proper.

February 9, 2021  
Oyster Bay, New York

Respectfully submitted,

CHALOS & CO, P.C.

By:    /s/ Melissa D. Russo  
George M. Chalos, Esq. (GC - 8693)  
Melissa D. Russo, Esq. (MR - 8150)  
Briton P. Sparkman, Esq. (BS - 5220)  
55 Hamilton Ave.  
Oyster Bay, NY 11771  
Tel: (516) 714-4300  
Fax: (866) 702-4577  
Email: gmc@chaloslaw.com  
           mrusso@chaloslaw.com  
           bsparkman@chaloslaw.com

*Attorneys for Plaintiff*  
*Averton Bulk SP Z.O.O.*