UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
-------------------------------------------------------------------------X
AVERTON BULK SP Z.O.O.,                           :
                                                  :    Case No. 21-1157
       Plaintiff,                                  :
vs.                                               :
                                                  :
COFCO INTERNATIONAL FREIGHT S.A.,                 :
                                                  :
                                                  :
       Defendant.                                 :
                                                  :
-------------------------------------------------------------------------X

## INITIAL PRETRIAL CONFERENCE STATUS REPORT

Pursuant to the Court's Order on Initial Pretrial Conference (Doc. 9) and the Federal Rules of Civil Procedure, Plaintiff Averton Bulk SP Z.O.O. respectfully submits the following Status Report in advance of the Initial Pretrial Conference scheduled for April 19, 2021 at 10:30 A.M.

**1.**     **Brief Description of the Case**

This is a Supplemental Rule B ancillary maritime attachment case. Doc. 1. As such, the substantive merits of the dispute will not be heard in this jurisdiction, but will be decided in London arbitration pursuant to English Law (consistent with the parties' law and jurisdiction clause contained in the Charter Party Agreement). *Id*. There is no anticipation that the parties will engage in discovery under the Federal Rules of Civil Procedure in this matter. Rather, the attached property will serve as security for a future arbitration award. *See, e.g., Aurora Maritime Co. v. Abdullah Mohamed Fahem & Co.*, 85 F.3d 44, 48, 1996 U.S. App. LEXIS 11495, *10, 1996 AMC 1755 (2d Cir. 1996)(Explaining that the rationale underlying maritime attachment is twofold, *to wit*, attachment provides a means to assure satisfaction if a suit is successful and to insure a defendant's appearance in an action)(*citing Swift & Co. Packers v. Compania Colombiana Del Caribe, S.A.*, 339 U.S. 684, 693, 94 L. Ed. 1206, 70 S. Ct. 861 (1950)).

This Honorable Court issued an Order Authorizing Issuance of Process of Maritime Attachment and Garnishment on February 10, 2021. (Doc. 8). The Clerk of the Court issued the Process of Maritime Attachment and Garnishment the next day. The garnishee bank, JP Morgan Chase Bank N.A. was personally served with the Verified Complaint, Summons, Order for Issuance of Maritime Attachment and the Process of Maritime Attachment and Garnishment (collectively "Order and Writ") on February 12, 2021. The garnishee bank confirmed through counsel on March 3, 2021 that funds in the defendant's bank account totaling $1,200,000 were attached pursuant to the Order and Writ of Attachment. The garnishee bank continues to hold the funds as security for Plaintiff's claims. Given that the full amount of security sought was attached, Plaintiff waived the requirement for the garnishee to formally answer interrogatories pursuant to Supplemental Rule B(3)(a).

2. **Contemplated Motions**

Defendant has not yet appeared in the action, but counsel for Defendant has confirmed to the undersigned the attachment of Defendant's property held by garnishee JP Morgan Chase. Defendant has represented that it has a counterclaim it is pursuing in London arbitration and is therefore seeking countersecurity pursuant to Supplemental Rule E(7). The parties have been discussing and negotiating whether countersecurity in an agreeable quantum and amount can be agreed. If it cannot, it is anticipated that Defendant will make an application to this Court for countersecurity. *See* Supplemental Rule E(7).

Plaintiff anticipates that once the countersecurity issue is resolved, Plaintiff will file a motion to administratively close the case and stay the matter pending the outcome of the underlying London arbitration. *See, e.g. Sembawang Shipyard, Ltd. v. Charger, Inc.*, 955 F.2d 983, 985 (5th Cir. 1992)(citing with approval the district court's entry of stay of the Rule B attachment action pending arbitration); *Cordoba Shipping Co. v. Maro Shipping, Ltd.*, 494 F. Supp. 183 (D. Conn.

1980) (district court granted stay pending arbitration following attachment of funds pursuant to Rule B order of attachment).

    **3.    The Prospect for Settlement**

The parties are continuing to discuss the issue of countersecurity and if there is an ability to reach agreement, the Court will be promptly notified. If not, the parties anticipate discussing a proposed briefing schedule for the Court's consideration at the conference.

**Conclusion**

Plaintiff will provide Defendant's counsel with a copy of this Status Report, the details for telephonically appearing at the upcoming Initial Pretrial Conference, and request that Defendant's counsel file a Notice of Appearance prior to the conference. In advance, we thank the Court for its time and attention to this matter.

April 14, 2021                                  Respectfully submitted,

                                                            CHALOS & CO, P.C.

By:    /s/ Briton P. Sparkman_____
          George M. Chalos, Esq. (GC - 8693)
          Melissa D. Russo, Esq. (MR - 8150)
          Briton P. Sparkman, Esq. (BS - 5220)
          55 Hamilton Ave.
          Oyster Bay, NY 11771
          Tel: (516) 714-4300
          Fax: (866) 702-4577
          Email: gmc@chaloslaw.com
                     mrusso@chaloslaw.com
                     bsparkman@chaloslaw.com

*Attorneys for Plaintiff*
*Averton Bulk SP Z.O.O.*

**CERTIFICATE OF SERVICE**

      I hereby certify that on April 14, 2021, I electronically filed the foregoing with the Clerk of the Court using the cm/ECF System which will send a Notice of Electronic Filing to all registered users. I also provided an email copy of the filing to the below counsel:

Peter J Gutowski
Freehill Hogan & Mahar LLP
80 Pine Street 25th Floor
New York, NY 10005
gutowski@freehill.com

Counsel for Defendant

                                                            /s/ Briton P. Sparkman
                                                            Briton P. Sparkman